UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                          |
|--------------------------|---|--------------------------|
| JOAO LOPES,              | ) |                          |
|                          | ) |                          |
|    Petitioner, | ) |                     |
|                          | ) |                          |
| v.                       | ) | Civil No. 16-11927-LTS   |
|                          | ) |                          |
| MICHAEL PHILLIPS,        | ) |                          |
|                          | ) |                          |
|    Respondent. | ) |                      |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1)

November 21, 2017

SOROKIN, J.

Joao Lopes, an immigration detainee at the Buffalo Federal Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Lopes asserts three challenges to Massachusetts state convictions for firearms offenses and driving under the influence. The respondent has opposed petition, first urging that this Court lacks jurisdiction to consider it because Lopes no longer is "in custody" pursuant to the judgment he seeks to challenge, and alternatively arguing that the claims are procedurally defaulted or meritless. Because this Court lacks jurisdiction to hear Lopes's claims, the petition is dismissed.

I.    BACKGROUND

On May 22, 2013, following a jury trial in Quincy District Court, Lopes was convicted of driving under the influence ("DUI"), carrying a firearm without a license, and two other firearms

charges. Doc. No. 1 at 1-2.¹ The charges stemmed from a Massachusetts state trooper's discovery of Lopes "unconscious in the driver's seat" of a car that was stopped in the right lane of Route 93 South. Doc. No. 18 at 3. After rousing Lopes, arresting him, and transporting him to police barracks, the trooper discovered a loaded handgun in Lopes's pants pocket. Id. at 3-4.

Lopes, whose native language is Creole, pleaded guilty to DUI but proceeded to trial on the firearms charges. Doc. No. 1 at 2, 5. His motions to suppress statements he made admitting ownership of the gun were denied, and his defense at trial challenging the voluntariness and truthfulness of those statements was unsuccessful.² S.A. at 258-61, 303-04, 430-31.³ Immediately after the jury returned its guilty verdicts, the trial court sentenced Lopes to a mandatory-minimum sentence of eighteen months' imprisonment. Doc. No. 1 at 1; S.A. at 435-36. After filing a timely notice of appeal, new counsel appeared on Lopes's behalf and, more than a year after Lopes was convicted and sentenced, filed a motion for a new trial.⁴ S.A. at 5-6. The trial court denied Lopes's motion within ten days of its filing. Doc. No. 18 at 3; S.A. at 6.

When his eighteen-month sentence expired in the fall of 2014, while his direct appeal was pending, Lopes was released from custody. Doc. No. 19 at 11 & n.8; Doc. No. 21 at 4. The Massachusetts Appeals Court affirmed his conviction and sentence and the denial of his new-

---

¹ Cites to "Doc. No. __" are to documents appearing on the Court's electronic docketing system; pincites are to the page numbers appearing in the ECF header.
² In broad strokes, Lopes defended against the charges by denying he owned the gun and claiming he did not know "how a gun could have been found in his pocket." See Doc. No. 18 at 4-5 (summarizing Lopes's trial testimony); S.A. at 385-92. His attorney's closing argument emphasized his level of intoxication, highlighted nonsensical answers he gave to other questions asked of him by police when he was arrested, and "suggested that he had somehow unknowingly acquired the firearm during the previous evening while in a blacked-out state." See id. at 5 (summarizing counsel's argument); S.A. at 398-406.
³ The respondent has filed a Supplemental Answer (cited herein as "S.A.") containing the state-court record in one bound volume. See Doc. No. 17.
⁴ Lopes's direct appeal had been stayed at his request pending litigation of his motion for a new trial. S.A. at 9.

2

trial motion on May 7, 2015 in an unpublished decision. Commonwealth v. Lopes, 30 N.E.3d 134 (Mass. App. Ct. 2015) (unpublished); S.A. at 189-90. The Supreme Judicial Court denied further review on June 26, 2015. Commonwealth v. Lopes, 35 N.E.3d 720 (2015) (table); S.A. at 206. Lopes did not seek certiorari in the United States Supreme Court.

Lopes received a notice of removal proceedings stemming from his criminal conviction in September 2015. Doc. No. 21 at 4; Doc. No. 21-1 at 2. He was taken into immigration custody in March 2016 and detained at the Federal Detention Facility in Buffalo, New York pending completion of his removal proceedings. Doc. No. 21 at 4. He was ordered removed in June 2016. Id.; Doc. No. 21-2.

On September 23, 2016 – six months after his immigration detention began, and a day before his one-year limitation period for filing a federal habeas petition expired, see 28 U.S.C. § 2244(d); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) – Lopes filed his counseled federal habeas petition in this Court. His petition raises the following three claims: 1) "Lopes[] did not execute a knowing and intelligent Miranda waiver at the time of his interrogation, in violation of his Fifth and Fourteenth Amendment rights," Doc. No. 1 at 5; 2) "Introduction of the alleged statements at trial violated Lopes's Fifth and Fourteenth Amendment rights where, viewing the totality of the circumstances, the statements were not voluntary," id. at 7; and 3) "Lopes's trial counsel was ineffective in suggesting the jury should credit the arresting officer's account of Lopes's confession," id. at 8.

The respondent answered Lopes's petition and both sides briefed the merits of the claims. Doc. Nos. 12, 18, 19. Before addressing the merits of his claims, the respondent argued Lopes had not established he was "in custody" for purposes of § 2254, as his Massachusetts sentence had expired two years before he filed his federal petition. Doc. No. 19 at 9-12. The Court

3

ordered a reply by Lopes on that jurisdictional issue, Doc. No. 20, and Lopes submitted one thereafter, Doc. No. 21. With that submission, all issues are fully briefed and ripe for disposition; because the Court resolves the jurisdictional issue against Lopes, however, it need not (indeed, it may not) address the merits of Lopes's claims or the alternative procedural defenses raised by the respondent.

II. DISCUSSION

A federal court may entertain "an application for a writ of habeas corpus" pursuant to 28 U.S.C. § 2254 if it is filed "on behalf of a person <u>in custody pursuant to the judgment of a State court</u>." § 2254(a) (emphasis added). The Supreme Court has construed § 2254(a) "as requiring that the habeas petitioner be 'in custody' <u>under the conviction or sentence under attack</u> at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (emphasis added). A number of Supreme Court decisions have explored the parameters of this "in custody" requirement.[5] None, however, have held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has <u>fully expired</u> at the time his petition is filed." <u>Id.</u> at 491 (emphasis in original).

Collateral effects of a state criminal conviction are appropriately considered when assessing whether a federal habeas petition filed by a person "in custody" has become moot in

---

[5] For example, a petitioner serving a series of consecutive sentences is treated as "in custody" pursuant to one aggregate sentence for these purposes, such that he may challenge a future sentence that has yet to begin as well as a previous sentence that has "nominally" concluded. <u>Garlotte v. Fordice</u>, 515 U.S. 39 (1995); <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968); <u>see also</u> <u>Nelson v. George</u>, 399 U.S. 224 (1970) (permitting challenge to future sentence in another state where that state's detainer against petitioner while serving a different sentence satisfies the "in custody" requirement). Petitioners on probation, parole, bail, or with suspended sentences experience restraints on their liberty "because of [their] conviction and sentence" sufficient to satisfy the "in custody" requirement for federal habeas purposes. <u>Jones v. Cunningham</u>, 371 U.S. 236, 241-43 (1963); accord <u>Hensley v. Municipal Court</u>, 411 U.S. 345 (1973); <u>Hurtado v. Tucker</u>, 245 F.3d 7, 10 n.2 (1st Cir. 2001); <u>McVeigh v. Smith</u>, 872 F.2d 725, 727 (6th Cir. 1989).

4

light of a change in the petitioner's custodial status. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968); accord Leitao v. Reno, 311 F.3d 453, 455-56 (1st Cir. 2002); Robson v. United States, 526 F.2d 1145, 1147 (1st Cir. 1975). The Supreme Court, however, has admonished "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; accord Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987). This is so even where the "collateral consequence" cited by a petitioner is a subsequent sentence that was enhanced as a result of the conviction he seeks to attack, or a transfer to federal immigration detention pending removal proceedings initiated because of the conviction he seeks to attack. See Maleng, 490 U.S. at 492-93 (holding that even where a subsequent sentence is enhanced because of a prior conviction, "[w]hen the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody,'" not the first); West v. Massachusetts, No. 14-cv-10678-IT, 2014 WL 7192386, at *2 (D. Mass. Dec. 17, 2014) ("The fact that a state conviction is used to enhance a federal sentence is insufficient to render a petitioner 'in custody' pursuant to that state conviction."); Walker v. Holder, No. 10-cv-10802-RWZ, 2010 WL 2105884, at *1 (D. Mass. May 24, 2010) (concluding petitioner was "not 'in custody' for purposes of § 2254" where he had "completed his sentence" and was "in custody – not as a sentenced prisoner – but as an immigration detainee").[6]

---

[6] Lopes contends that one session of this Court has held otherwise, citing Omosefunmi v. Attorney Gen. of Commw. of Mass., 152 F. Supp. 2d 42 (D. Mass. 2001), but it is not clear that Omosefunmi adopted the view Lopes urges. The Report of the Magistrate Judge in that case concluded that the petitioner was in custody for purposes of § 2254 based on immigration detention and pending removal proceedings, id. at 53 (citing Hurtado, 245 F.3d at 10 n.2), and recommended dismissal of the petition on other grounds. But Judge Stearns, after review of the Report and a limited objection filed by the respondent in that case, ruled: "I will ADOPT the

5

Here, there is no dispute that in September 2016, when Lopes filed his federal habeas petition, he was in federal immigration detention. He was no longer in the custody of a Massachusetts detention facility serving a sentence of incarceration imposed pursuant to the convictions he seeks to challenge; that sentence had concluded nearly two years earlier. He does not assert that his state sentence was followed by a period of probation or other state supervision, and the state-court record establishes that the relevant sentence was limited to an eighteen-month period of incarceration with no additional terms or restrictions imposed to follow that term. Cf. Walker, 2010 WL 2105884, at *1 n.2 ("If [petitioner] were a probationer or parolee under the conviction he seeks to challenge, he would satisfy the 'in custody' requirement of § 2254 notwithstanding the fact that he [is] not [presently] incarcerated pursuant to his conviction."). Because the sentence imposed for the conviction Lopes identifies in his petition had "fully expired" when he filed his federal petition, he was no longer "in custody pursuant to the judgment" he seeks to challenge via § 2254. Accordingly, this Court lacks jurisdiction to consider the merits of his claims.

---

Magistrate Judge's Recommendation." Id. at 45. That ruling did not adopt the Magistrate Judge's report or its custody conclusion. In any event, as far as this Court is aware, the view set forth in the report as to this issue has not been adopted by any federal court considering the question in the intervening years. See Doc. No. 19 at 10-11 (collecting cases); see also Adames v. Hinton, No. 16-cv-963, 2016 WL 7386348, at *2 (S.D. Ohio Dec. 21, 2016) (collecting additional cases).

III.    CONCLUSION

For the foregoing reasons, Lopes's federal habeas petition (Doc. No. 1) is DISMISSED.[7]

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[7] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), and based on the circumstances described above, no certificate of appealability shall issue. There is no dispute that the sentence Lopes seeks to challenge has expired. In these circumstances, pursuant to binding decisions by the Supreme Court and the First Circuit, this Court is without jurisdiction to hear his claims.